# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| **DANIEL MARTIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CAUSE NO. 1:17-cv-272** |
| | ) |
| **ROBERT SNYDER, ACTING** | ) |
| **SECRETARY, DEPARTMENT OF** | ) |
| **VETERANS AFFAIRS,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  Nature of the Case

Plaintiff Daniel Martin (hereinafter "Plaintiff" and/or "Martin"), brings this action against his employer, Robert Snyder, Acting Secretary, Department of Veterans Affairs (hereinafter "Defendant"), alleging that Defendant violated his rights under Section 504 of the Rehabilitation Act of 1973 (the "Rehab Act"), 29 U.S.C.A. § 701 *et seq.*

### II. Parties

1.      Martin resided within the Southern District of Indiana, Indianapolis Division at all times relevant to this Complaint.

2.      All actions giving rise to Plaintiff's claims took place at Defendant's Richard L. Roudebush VA Medical Center located in the Southern District of Indiana, Indianapolis Division.

### III. Jurisdiction & Venue

3.      At all times relevant, Martin was a qualified individual with a disability, is regarded as disabled, and/or has a record of disability as defined by the Rehab Act.

4.      Defendant is a federal agency as defined by the Rehab Act.

5.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 29 U.S.C. § 794(a).

6.      Martin satisfied his obligations to exhaust his administrative remedies.  Defendant issued a Final Agency Decision ("FAD") on December 20, 2016, and now Martin timely files his suit.

7.      All actions giving rise to Martin's claims occurred within the geographical boundaries of the Southern District of Indiana, Indianapolis Division, and therefore, venue is proper in this Court pursuant to 28 U.S.C § 1391.

### IV. Factual Allegations

8.      Martin is a qualified individual with a disability and/or record of a disability and/or regarded by Defendant to have a disability.

9.      Martin is a veteran of the U.S. Navy.  He suffered multiple service related Traumatic Brain Injuries (TBIs) in 2005.

10.     Martin suffers from Cognitive Disorder and memory issues resulting from his multiple TBIs.  Martin has also been diagnosed with degenerative arthritis in his back and Post Traumatic Stress Disorder (PTSD).

11.     Martin began his employment with Defendant in 2014 at Defendant's Iowa City VA Health Care System located in Iowa City, Iowa.

12.     Prior to being hired by Defendant, Martin had applied for several jobs with Defendant and was not selected for the positions for which he applied.  Martin filed an EEO complaint alleging that Defendant engaged in disability discrimination when it failed to hire him for the positions for which he applied.

13.     Martin withdrew his EEO complaint as part of a settlement agreement.  As part of the settlement agreement, Martin was enrolled in the Veterans Hiring Program effective for one (1) year at the Richard L. Roudebush VA Medical Center ("Roudebush") located in Indianapolis, Indiana.  Martin wanted to work at Roudebush because it is close to his home.

14.     Martin applied for the position of General Engineer (Vacancy Announcement STA-583-15-1226952 EO BU) at Roudebush in 2014.  Martin was not selected for the position.

15.     Upon information and belief, William Jerome was the selecting official for Vacancy Announcement STA-583-15-1226952 EO BU.  Also upon information and belief, Defendant hired a non-Veteran, external candidate for the position who possessed substantially less experience and lower qualifications for the job as compared to Martin.

16.     At the time Martin was not selected for Vacancy Announcement STA-583-15-1226952 EO BU, Jerome had knowledge of Martin's disabilit[ies] and his prior EEO activity.

17.     In early 2015, Martin applied for the position as Lead General Engineer (Vacancy Announcement STA-583-15-1378848 EO) at Roudebush.

18.     Upon information and belief, Jerome and/or Scott Moritz, was/were the selecting officials for Vacancy Announcement STA-583-15-1378848 EO.

19.     At the time Martin was not selected for Vacancy Announcement STA-583-15-1378848 EO, Jerome and Moritz had knowledge of Martin's disability[ies] and his prior EEO activity.

20.     Upon information and belief, Martin was the only candidate eligible for consideration for Vacancy Announcement STA-583-15-1378848 EO at the time he applied.

21.     Rather than awarded the position to Martin, Defendant closed Vacancy Announcement STA-583-15-1378848 EO.  Upon information and belief, Defendant

subsequently filed the position with a substantially less qualified, non-disabled individual who has not engaged in prior EEO activity.

22.     Martin is presently employed in the position of Chief Engineer, GS-13, at Defendant's Northern Indiana VA Health Care System located in Marion, Indiana.

23.     Martin and his family currently reside in Indianapolis.  Defendant's Marion facility is over ninety (90) minutes away from Martin's home necessitating Martin to maintain an apartment close to the Marion facility and to spend considerable time away from his family and friends.

24.     In 2015, Martin filed a second EEO complaint alleging disparate treatment and harassment due to his disability and reprisal for his prior EEO activity.

25.     All reasons proffered by Defendant for adverse actions taken by it with respect to Martin's employment are pretextual.

26.     Martin has suffered, and continues to suffer, harm as a result of Defendant's unlawful actions.

## V.  Causes of Action

### COUNT I

### DISABILITY DISCRIMINATION – THE REHAB ACT

27.     Martin hereby incorporates paragraphs 1 - 26 of his Complaint.

28.     Defendant took adverse employment actions against Martin based on his disability and/or his record of disability and/or because it perceived Martin to have a disability, including failing to promote and/or transfer Martin to positions at the Roudebush facility.

29.     Defendant subjected Martin to a hostile working environment on the basis on his disability and/or his record of disability and/or because it perceived Martin to have a disability.

4

30. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Martin's rights as protected by the Rehab Act.

## COUNT II

## RETALIATION/REPRISAL – THE REHAB ACT

31. Martin hereby incorporates paragraphs 1 - 30 of his Complaint.

32. Martin engaged in statutorily protected conduct when he filed an EEO complaint alleging disability discrimination.

33. Defendant took adverse employment actions against Martin because he engaged in statutorily protected conduct, including failing to promote and/or transfer Martin to positions at the Roudebush facility.

34. Defendant subjected Martin to a hostile working environment because he engaged in statutorily protected conduct.

35. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Martin's rights as protected by the Rehab Act.

### VI. Relief Requested

WHEREFORE, Plaintiff, Daniel Martin, by counsel, respectfully requests that this Court find for him and order that:

1. Defendant promote and/or transfer Martin to a position at the Roudebush facility;

2. Defendant pay lost wages and benefits to Martin;

4. Defendant pay compensatory damages to Martin;

5. Defendant pay pre- and post-judgment interest to Martin;

6. Defendant pay Martin's attorneys' fees and costs incurred in litigating this action; and

7.     Defendant pay to Martin any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,


s/ Meghan U. Lehner
Meghan U. Lehner (25899-49)


## DEMAND FOR JURY TRIAL

Plaintiff Daniel Martin, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

/s/ Meghan U. Lehner
Meghan U. Lehner (25899-49)


CLEVELAND LEHNER CASSIDY
8250 Haverstick Road, Suite 235
Indianapolis, IN 46240
Tel: 317-388-5424
Fax: 317-947-1863
www.clcattorneys.com